1
2

Alex Asil Mashiri, Esq. (SBN 283798)
Alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

3
4
5
6

7
8
9
10
11

Tamim Jami, Esq. (SBN 311351)
tamim@jamilaw.com
**THE JAMI LAW FIRM P.C.**
3525 Del Mar Heights Rd #941
San Diego, CA 92130
Tel: (858) 284-0248
Fax: (858) 284-0977

12
13

Attorneys for Plaintiff:
MAHER IBRAHIM

14
15

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| MAHER IBRAHIM | Case No. **'19CV0613 CAB LL** |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES** |
| MIDLAND FUNDING LLC; JACK H. POGOSIAN; NICHOL ALAN DE GUZMAN; MELINE GRIGORYAN; KRISTY GABRIELOVA; HYO JIN JULIA JUNG | **[DEMAND FOR JURY TRIAL]** |
| Defendants. | |

Plaintiff MAHER IBRAHIM alleges as follows:

## **INTRODUCTION**

1.    Plaintiff MAHER IBRAHIM (hereinafter referred to as "Plaintiff"), brings this lawsuit against Defendants MIDLAND FUNDING LLC ("Midland"), JACK H. POGOSIAN ("Pogosian"), NICHOL ALAN DE GUZMAN ("Guzman"), MELINE GRIGORYAN ("Grigoryan"), KRISTY GABRIELOVA ("Gabrielova"), HYO JIN JULIA JUNG ("Jung") (hereinafter collectively referred to as "Defendants") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA").

2.    Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## **PARTIES**

3.    Plaintiff is, and at all times mentioned herein was, an individual, residing in the State of California.

4.    Plaintiff is a "consumer" as defined under the FDCPA.

5.    Plaintiff is informed and believes, and thereupon alleges, that Defendant Midland is, and at all times mentioned herein was, a legal entity, whose principal place of business is in the County of San Diego, California.

6.    Plaintiff is informed and believes, and thereupon alleges, that Defendants Pogosian, Guzman, Grigoryan, Gabrielova, and Jung are, and at all times mentioned herein were residents of the County of San Diego, California.  Upon information and belief, Defendants Pogosian, Guzman, Grigoryan, Gabrielova, and Jung also conducted and engaged in business in the County of San Diego, California.

7.    Plaintiff is informed and believes, and thereupon alleges, that Defendants use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collectors as that phrase is defined by 15 U.S.C. section

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR., # 500604
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

1692a(6).

8.    Defendants are debt collectors as defined under the FDCPA.

9.    Defendants attempted to collect a consumer debt as defined under the FDCPA.

10.    Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction under 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1331.

12.    This action arises out of violations of the FDCPA.  Personal jurisdiction is established, because Defendants reside in the County of San Diego, California.

13.    Venue is proper under 28 U.S.C. section 1391.

## RELEVANT FACTS

14.    On or about June 4, 2010, Defendant Midland filed a collection lawsuit against Plaintiff in the Superior Court of Los Angeles, California, attempting to collect a consumer debt.

15.    On or about September 2, 2010, Defendant Midland obtained a default judgment against Plaintiff in the amount of $15,221.02.

16.    After realizing that there was a default judgment entered against him, Plaintiff immediately hired attorney, Franklin J. Love, to assist him with the default judgment against him.

17.    On or about February 22, 2011, Plaintiff, via counsel, filed a motion to vacate the default judgment in the amount of $15,221.02.

18.    On or about April 6, 2011, the Los Angeles Superior Court judge granted

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500604
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

Plaintiff's motion and vacated the default judgment against Plaintiff.  Trial on the matter was subsequently set for August 23, 2012.

19.     On or about July 27, 2012, less than a month before trial, Defendant Midland dismissed the entire collection lawsuit against Plaintiff without prejudice.

20.     On or about August 28, 2012, after the dismissal was entered, Plaintiff filed a memorandum/bill of costs in the amount of $410.00.

21.     On or about September 17, 2012, the Los Angeles Superior Court entered a judgment for the costs in the amount of $410.00 against Defendant Midland.

22.     On or about October 17, 2018, even though Plaintiff did not owe any money to Defendant Midland, Defendants filed a memorandum of costs in the amount of $4,603.83 against Plaintiff in the Los Angeles Superior Court.

23.     On or about November 13, 2018, Defendants filed a writ of execution against Plaintiff in the amount of $19,849.85 in the Los Angeles Superior Court.

24.     Sometime in early December 2018, Defendants served an Earnings Withholding Order on Plaintiff's employer attempting to collect approximately $19,901.03 (this amount was calculated as follows:  $19,849.85 + $35.00 for Sheriff fees + $4.18 for daily interest + $12 for disb. Fee =$19,901.03).

25.     Plaintiff is employed by the County of Los Angeles.  After the Los Angeles County Sheriff's Department served the Earnings Withholding Order on Plaintiff's employer, an individual by the name of Irene, who works in the payroll/timekeeping department, called Plaintiff into her office over the loudspeaker. After Plaintiff entered Irene's office, Irene handed Plaintiff an envelope.  Plaintiff was anxious and nervous and did not know what was in the envelope. Plaintiff then asked Irene about the contents of the envelope to which Irene responded that it was an Earnings Withholding Order and that his wages are going to be garnished.  Plaintiff was embarrassed, humiliated, and confused because he did not know why his wages were being garnished.

26.     Bewildered, Plaintiff frantically opened the envelope and saw the

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR., # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

COMPLAINT FOR DAMAGES

Earnings Withholding Order, indicating that Defendants are attempting to garnish his wages in the approximate amount of $19,901.03. At this point, Plaintiff was distraught and in disbelief. Plaintiff remembered the name Midland and realized that the wage garnishment may be related to the collection lawsuit that was filed more than 7 years ago. However, Plaintiff was extremely distressed because he did not owe any debt whatsoever to Defendant Midland.

27. Plaintiff frantically called his attorney—Mr. Love—who had handled the underlying collection matter, and explained the situation to him. Given the history of the collection case, Mr. Love was equally puzzled that Plaintiff was served with an Earnings Withholding Order by Defendant Midland.

28. On December 12, 2018, Plaintiff's counsel, Mr. Love, faxed a written request for Defendants to immediately release the Earnings Withholding Order. Defendant Midland did not respond.

29. On December 13, 2018, Plaintiff's counsel, Mr. Love, faxed written notice to Defendants, informing them that Plaintiff will be appearing ex parte on December 18, 2018 in the Los Angeles Superior Court to quash the Writ of Execution and Earnings Withholding Order.

30. Prior to the ex parte hearing, Defendants informed Mr. Love that they submitted a termination of earnings withholding order to Plaintiff's employer as well as to the Sheriff's. Relying on Defendants' representation, Mr. Love took the ex parte off calendar.

31. In early January of 2019, Plaintiff received his Employee Pay Statement from his employer which indicated that $586.46 of his wages were garnished.

32. Plaintiff once again frantically called his attorney, Mr. Love, informing him that his wages have been garnished. Mr. Love informed Defendants of the situation.

33. While the garnished wages were subsequently returned to Plaintiff, it took approximately two weeks and numerous telephone calls by both Plaintiff and his

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

COMPLAINT FOR DAMAGES

attorney to the Sheriff's department and Plaintiff's employer, which gave Plaintiff profound stress and anxiety.

34.     As a result of Defendants' unlawful conduct, Plaintiff was forced to hire an attorney—Mr. Love—incurring approximately $3,081.25 in attorney's fees.

**FIRST CAUSE OF ACTION**
**(Violation of the FDCPA against all Defendants)**

35.     Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

**COUNT 1**

36.     Defendants violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1) by attempting to collect a debt in the approximate amount of $19,901.03, when in fact Plaintiff did not owe any debt to Defendants.

**COUNT 2**

37.     Defendants violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1) when they prepared, submitted, filed, and mailed a Memorandum of Costs After Judgment, stating that the principal balance Plaintiff owes was $15,221.02 and requesting interest in the amount of $4,603.83 even though Plaintiff did not owe any money to Defendants.

**COUNT 3**

38.     Defendants violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1) when they prepared, submitted, and filed a writ of execution, seeking to collect approximately $19,901.03 from Plaintiff even though Plaintiff did not owe any money to Defendants.

**COUNT 4**

39.     Defendants violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1) when they prepared, submitted, and served an Earnings Withholding Order on Plaintiff's employer, seeking to collect approximately $19,901.03 from Plaintiff even though Plaintiff did not owe any money to Defendants.

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR., # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

## COUNT 5

40.     Defendants violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1) when they garnished $586.46 in wages from Plaintiff even though Plaintiff did not owe any money to Defendants.

41.     As a result of each and every violation of the FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants actions as heretofore alleged, including but not limited to, emotional distress, worry, anxiety, embarrassment and humiliation, the exact amount of which is to be proven.

42.     As a result of each and every violation of the FDCPA, Plaintiff was forced to hire an attorney—Mr. Love—incurring approximately $3,081.25 in attorney's fees to defend himself against Defendants' unlawful wage garnishment. Plaintiff seeks reimbursement of said fees.

43.     As a result of each and every violation of the FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

44.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

///
///
///
///
///
///
///
///
///

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR., #500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

## **PRAYER FOR DAMAGES AND OTHER REMEDIES**

1.  For actual damages;

2.  For statutory damages;

3.  For interest according to law;

4.  For attorneys' fees;

5.  For costs of suit herein incurred; and

6.  For other and further relief as the court may deem proper.

Respectfully Submitted,

DATED:  April 2, 2019

**MASHIRI LAW FIRM**
A Professional Corporation

By: /s/ Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
Maher Ibrahim

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500604
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939